## Julbe *v.* Guzmán.

## Appeal from the District Court of Humacao.

No. 543.—Decided June 20, 1911.

Partition of Inheritance—Report of Master (Contador-Partidor)—Ground for Objection Thereto.—In order that this court may investigate the facts which serve as grounds for objecting to the report of a master approved by the lower court in the partition of an inheritance, it is necessary to incorporate in the record the data or antecedents which served as a basis for the drawing of the report of the master.

Objection to Master's Report—Consideration of One Dollar Stated in Deed.—The report of the master in the partition of an inheritance being objected to for having approved certain credits in favor of the judicial administrator, who is also an heir, because in the deeds relative to such credits the only consideration stated was that of one dollar. *Held:* That the statement of such amount in the deed does not prevent, in the absence of fraud or prejudice, the proving in court of the real price or consideration of said contract.

The facts are stated in the opinion.

*Messrs: Vías Ochoteco* and *Ferrer* for appellant.

*Mr. Eduardo Acuña* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

Victoria López Julbe died in 1906 without executing any will. She was married at the time of her death to Julio D. Guzmán, having by said marriage a child, who died before its mother. Dolores Julbe, the mother of Victoria López, and Julio D. Guzmán, the husband of the decedent, were by the District Court of Humacao declared to be the heirs. Julio D. Guzmán was appointed the judicial administrator. The parties could not agree upon the inventory and division of the estate, so the court referred the proceedings to a special accountant, equivalent to a master in American practice, but known as a "*contador-partidor*" under our practice. In due time this master made his report. The parties, by stipulation, agreed that certain debts should be stricken out and agreed upon other matters, and then the court made the following order:

"Judicial District of Humacao. Dolores Julbe, widow of López, *ex parte.* Intestacy of Victoria López. Appointment of a Judicial Administrator. Order.—The foregoing report is hereby approved, with certain modifications stated below, in accordance with the written stipulations read in open court in which it is agreed that the account in favor of Don Antonio Roig only amounts to the sum of $13,313.67.

| | |
|---|---:|
| Deducting this amount from the total debts, this leaves the sum of | $41,893.38 |
| The general value of all the property being | 85,326.84 |
| There remains to divide, deducting the debts | 41,893.38 |
| Balance | 43,433.46 |
| The common deductions amount to | 32,411.90 |
| There being, therefore, to be divided as community property | 11,021.56 |
| And belonging to each spouse | 5,510.77 |
| In the part belonging to the dead woman the husband has a third part in usufruct, equal in this case to | 1,836.92 |
| And there remains in favor of the heiress of the decedent | 3,673.85 |
| To this sum interest must be added from the 1st day of January, 1907, when the pension assigned to such heiress began, or namely for a period of about 36 months | 661.14 |
| Which makes a total in her favor of | 4,334.99 |
| Deducting the advance of $800 and a monthly pension of $100 for a like period, which amounts to | 3,500.00 |
| Remains in favor of Da. Dolores Julbe, widow of López | 834.99 |

And then the court goes on to order other things which do not affect the merits of this appeal.

Both parties appeared, and each party came to this court saying that the court below refused to sign a bill of exceptions or statement of the case, and this court supported that re-

fusal upon the idea that the evidence upon which the court below acted must all be before it and that whatever said court had before it to make its order could be regularly certified to us, it not being necessary to reduce statements of witnesses to form. The record, however, as certified, contains nothing but the report of the master and none of the data from which his account was made up. Consequently, this court has been unable to follow the arguments upon the facts made by counsel because it has not had sufficient matter before it.

The order appealed from is the same one as in case No. 548. Here the appellant is the mother. Her first ground of error is that the court had no right arbitrarily to allow her $661.14 as interest, and then deduct $3,500 from her share of the estate. We have been unable to understand the force of this objection. Mrs. Dolores Julbe received $800 in cash and $100 a month thereafter in payment of a pension. It is true that the law says that some allowance must be made to her for the fruits and products which might arise from the estate pending the division, but it would seem that the master figured these fruits and products in a total of $39,945.69, as we had occasion to consider in case No. 548 just decided. Indeed, there seems to be some doubt about the right of the court to concede her $661.14 in addition, but as the other party has not made this allowance a matter of appeal we see no reason for interfering with the discretion of the court below.

The next error alleged is with regard to some credits allowed to Julio D. Guzmán in the report of the master. Appellant maintains that the mere statement of Julio D. Guzmán as to money due by him to his sisters was not sufficient in the face of a deed to him in which the consideration was stated to be $1. Nominal considerations are frequently given in deeds, and in the absence of any showing of fraud and that the appellant was injured thereby, the fact that the consideration was otherwise might be proved in any way satis-

factory to the court. There is nothing in the record to show how the evidence was offered. This court, moreover, in another case decided that the arrangement made between Guzmán and his sisters was a valid one.

The next ground of error is that a bill of Swift & Co. was improperly allowed, but it appears that the bill was paid during the course of the administration and while the assets were increasing in value for the benefit of the whole estate, and the appellant had the benefit thereof by the increase to which we have referred.

The only other error alleged is that the court should have given appellant the benefit of $28,341.04 to which the master referred in section 8 of his report. We have examined the report and so far as we can understand the contention of counsel this sum of $28,341.04 was properly apportioned, and the objection would seem to relate to the failure to allow more than $661.14, which we have already discussed.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.